IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARSHALL JOINT SCHOOL DISTRICT NO. 2,

                ORDER

      Plaintiff,

                08-cv-187-bbc

  v.

C.D., by and through his parents,
Brian and Traci D.,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Plaintiff Marshall Joint School District No. 2 brought this lawsuit under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(i)(2), challenging the determination of a state administrative law judge, who rejected plaintiff's contention that defendant C.D., a third grade student, no longer needs special education services as a result of a medical condition called Ehlers-Danlos Syndrome.  Before the court is defendant's motion for a "stay-put" order under 20 U.S.C. § 1415(j), which says that "during the pendency of any proceedings. . . the child shall remain in the then-current educational placement of the child."  (Defendant also seeks to supplement the administrative record under 20 U.S.C. § 1415(i)(2)(C)(ii).  That motion will be granted as unopposed.)

1

Although plaintiff attempts to inject a number of issues into its almost impenetrable brief, the sole task of this court is to determine "the then-current educational placement of the child." Plaintiff fails to address this controlling statutory text anywhere in its brief. Instead, it advances a perplexing and irrelevant argument about exhaustion of administration remedies, making a relatively straightforward question much more complicated than it actually is. Although plaintiff accuses defendant of raising a "new issue," it is plaintiff that is strewing red herrings on the trail. Regardless of the nature of the issues in dispute, § 1415(j) requires the district to preserve the status quo until the dispute has been resolved.

In making a determination regarding the appropriate "placement" under 1415(j), the starting point is the Individualized Education Plan that was in place before the current dispute began. John M. v. Board of Education of Evanston Township High School District, 202, 502 F.3d 708, 715 (7th Cir. 2007); Board of Education of Community High School District No. 218 v. Illinois State Board of Education, 103 F.3d 545 (7th Cir.1996). The district must "provide educational services that approximate the student's old [plan] as closely as possible," John M., 502 F.3d at 714-15, but it may read the plan "at a level of generality that focuses on the child's educational needs and goals." Id. at 714.

In this case, it is undisputed that the plan in place before the dispute began was created in January 2006, making that plan the appropriate starting point. Plaintiff has not raised any particularized objections to that plan, so it is impossible to determine

2

what deviations might be necessary to further defendant's "educational needs and goals." Until plaintiff identifies such an objection, I must conclude that defendant is entitled to an order directing plaintiff to comply with that plan.

ORDER

IT IS ORDERED that

1. Defendant C.D.'s motion to supplement the administrative record, dkt. #10, is GRANTED.

2. Defendant's motion for a "stay-put" order under 20 U.S.C. § 1415(j), dkt. #10, is GRANTED. Plaintiff Marshall Joint School District No. 2 is directed to comply with defendant's January 2006 Individualized Education Plan until the resolution of these proceedings.

Entered this 14th day of July, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge